J. S26016/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
ROBERT ANTHONY KOLOVICH, :
:
APPELLANT :
: No. 1709 MDA 2016

Appeal from the Judgment of Sentence July 1, 2016
In the Court of Common Pleas of Snyder County
Criminal Division at No(s): CP-55-CR-0000105-2015
CP-55-CR-0000325-2014

BEFORE: BOWES, J., DUBOW, J., and FITZGERALD, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED MAY 25, 2017**

Appellant, Robert Anthony Kolovich, appeals from the Judgment of

Sentence entered in these consolidated cases on July 1, 2016, in the Snyder

County Court of Common Pleas following his conviction of four counts of

Deceptive Business Practices. After careful review, we affirm.

Appellant was the owner of Lifetime Choice Windows, a business that

purported to sell windows and perform deck-capping services. Beginning in

May 2013, Appellant entered into various contracts in which he agreed to

either purchase windows for customers or to cap their decks. Appellant

---

[*] Former Justice specially assigned to the Superior Court.

accepted down-payments for those services; however, Appellant did not perform on the contracts or return the down-payments he received.

On October 2, 2014, the Commonwealth charged Appellant at Case No. 325-2014 with two counts of Deceptive Business Practices and one count of Theft by Deception[1] arising from a June 28, 2013 contract with Mary Romig to perform deck-capping services. On March 20, 2015, the Commonwealth charged Appellant at Case No. 105-2015 with two additional counts of Deceptive Business Practices and one additional count of Theft by Deception arising from an October 4, 2013 contract with Chad Keister, Brent Saylor, and Saylor's construction firm Saylor & Page Construction for window procurement.

On September 9, 2015, the Commonwealth filed a Motion in Limine to introduce evidence pursuant to Pa.R.E. 404(b) of crimes, wrongs, or other acts on the part of Appellant, and to Consolidate Case No. 325-2014 with Case No. 105-2015 for trial. On November 2, 2015, the trial court granted the portion of the Motion seeking to consolidate the matters for trial. With respect to the Motion in Limine, on December 11, 2015, the court issued an order directing the Commonwealth to file an Amended Motion providing more detail as to the type of other crimes, wrongs, or acts the Commonwealth sought to introduce. The Commonwealth complied with the

---

[1] 18 Pa.C.S. § 4107(a)(2); 18 Pa.C.S. § 4107(a)(6); and 18 Pa.C.S. § 3922(a)(1).

Order; however, the court denied the Commonwealth's Motion and Amended Motion on January 26, 2016.

On March 23, 2016, the Commonwealth again amended the Motion in Limine, providing the court with more information.[2] The court granted the Amended Motion on April 7, 2016.

On April 4, 2016, Appellant filed a Motion to Bar Prosecution pursuant to 18 Pa.C.S. § 110, arguing that the Commonwealth should have joined the instant cases with Union County Case No. 273-2014, in which a jury had acquitted Appellant of similar charges. The trial court denied this Motion on April 18, 2016.

Following Appellant's trial on April 26, 2016, the jury convicted Appellant in both cases of Deceptive Business Practices and acquitted him of Theft by Deception. On July 1, 2016, the court sentenced Appellant to an aggregate sentence of 6 to 60 months' incarceration. The court awarded Appellant 201 days' credit for time served.

Appellant filed a Post-Sentence Motion on July 11, 2016, which the trial court denied. This appeal followed. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following four issues on appeal:

---

[2] The Commonwealth sought to admit evidence that it had charged Appellant on September 3, 2014, in Union County at Case No. 273-2014 with similar crimes arising from an October 26, 2013 service contract to perform construction services, where Appellant had failed to perform the services under the contract or repay the funds the victims paid him.

1. Did error occur when the [t]rial [c]ourt permitted consolidation?

2. Did error occur where the [t]rial [c]ourt permitted admission of other alleged crimes, wrongs[,] and/or acts?

3. Did the [t]rial [c]ourt err in denying Appellant's Motion under 18 Pa.C.S.[] Sec. 110?

4. Was evidence insufficient to convict Appellant as the Commonwealth did not prove guilt beyond a reasonable doubt, nor did the Commonwealth prove that Appellant had the requisite intent to establish guilt?

Appellant's Brief at 7.

In his first issue, Appellant challenges the trial court's Order granting the Commonwealth's Motion for Consolidation, arguing that the Commonwealth failed to follow the proper procedures for consolidation. *Id.* at 11.[3]

The consolidation of criminal cases is controlled by Pa.R.Crim.P. 582. Rule 582(B)(1) requires that the Commonwealth notify a defendant of its intent to consolidate separate indictments or informations at or before arraignment. *See* Pa.R.Crim.P. 582(B)(1). If, however, such notice is not provided, "any party may move to consolidate for trial separate indictments or informations, which motion must **ordinarily** be included in the omnibus pretrial motion." Pa.R.Crim.P. 582(B)(2) (emphasis added).

---

[3] Where an appellant challenges the interpretation of the rules of criminal procedure, "our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Libengood**, 152 A.3d 1057, 1059 (Pa. Super. 2016) (citation omitted).

Here, the Commonwealth did not notify Appellant of its intent to consolidate the instant cases at or before his April 13, 2015 arraignment. Rather, on September 23, 2015, the Commonwealth filed a Motion to Consolidate. Appellant argues that because the Commonwealth did not notify him of its intent at or before his arraignment, and failed to file an Omnibus Pretrial Motion within 30 days of his arraignment,[4] the trial court erred in granting the Commonwealth's Motion to Consolidate. Appellant's Brief at 11-12.

We disagree with Appellant. Although Rule 582(B)(2) provides that a Motion to Consolidate would "ordinarily be included in the omnibus pretrial motion[,]" nothing in the Rule precludes a later filing. Moreover, we note that Appellant has not alleged that the court's Order consolidating his cases prejudiced him in any way. *See Commonwealth v. Boyd*, 461 A.2d 1294, 1298 (Pa. Super. 1983) (noting that "courts have held that consolidation of separate informations for trial is a matter of discretion with the trial judge, and that the exercise of this discretion will be reversed only for manifest abuse of discretion or prejudice and clear injustice to the defendant."). Accordingly, Appellant is not entitled to relief.

In his second issue, Appellant alleges that the trial court erred in admitting Pa.R.Crim.P. 404(b) evidence of crimes, wrongs, or other acts on

---

[4] *See* Pa.R.Crim.P. 579(A), which directs filing of the omnibus pretrial motion within 30 days, unless the opportunity did not exist or counsel was not aware of the grounds for the motion.

the part of Appellant. Appellant's Brief at 12-13. He claims that the court erred in entertaining, and subsequently granting, the Commonwealth's Second Amended Motion because, in so doing, it permitted the Commonwealth to take a "third bite at the apple[,]" which "flies in the face of [Appellant's] constitutional rights to due process, compulsory process and informed nature of charges under Article One Section Nine of the Pennsylvania Constitution and the Fifth, Sixth and 14th Amendments [*sic*] to the U.S. Constitution." *Id.* at 13.[5]

Notably, Appellant does not challenge the substance of the admitted evidence, or the purpose for which the trial court permitted its admission, or the probative versus prejudicial value of the evidence. Rather, Appellant claims that, in granting the Commonwealth's Second Amended Motion to

---

[5] Our standard of review of the admission of evidence is well-settled:

> The admission of evidence is a matter vested within the sound discretion of the trial court, and such a decision shall be reversed only upon a showing that the trial court abused its discretion. In determining whether evidence should be admitted, the trial court must weigh the relevant and probative value of the evidence against the prejudicial impact of the evidence. Evidence is relevant if it logically tends to establish a material fact in the case or tends to support a reasonable inference regarding a material fact. Although a court may find that evidence is relevant, the court may nevertheless conclude that such evidence is inadmissible on account of its prejudicial impact.

***Commonwealth v. Antidormi***, 84 A.3d 736, 749 (Pa. Super. 2014) (citation omitted).

admit the evidence, the court violated Appellant's due process rights. Appellant has not, however, developed this argument in any meaningful way and has not supported this averment with citation to controlling authority or to the place in the record where he preserved this claim. Accordingly, we find this issue waived. **See** Pa.R.A.P. 2117(c); 2119(c), (e).

In his third issue, Appellant claims the trial court erred in denying his Section 110 Motion. Appellant baldly claims that because the Commonwealth accused him of the same criminal conduct in Union and Snyder Counties,[6] Section 110(1)(ii) barred the Commonwealth from prosecuting him in Snyder County after his October 30, 2015 Union County acquittal. Appellant's Brief at 13-14.

Appellant challenges the trial court's interpretation and application of 18 Pa.C.S. § 110. Thus, "our standard of review is *de novo*, and our scope of review is plenary." **Commonwealth v. Fithian**, 961 A.2d 66, 71 n.4 (Pa. 2008).

Section 110 provides, in relevant part, as follows:

> **§ 110. When prosecution barred by former prosecution for different offense**
>
> Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

---

[6] The Commonwealth has accused Appellant of similar conduct in Snyder and Union, as well as nine other counties. Snyder and Union counties comprise the 17th Judicial District.

> (1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:
>
>> (ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense[.]

18 Pa.C.S. § 110(1)(ii).

As has been summarized by our Supreme Court, Section 110(1)(ii) contains four requirements which, if met, preclude subsequent prosecution due to a former prosecution for a different offense:

> (1) the former prosecution must have resulted in an acquittal or conviction;
>
> (2) the current prosecution is based upon the same criminal conduct or arose from the same criminal episode as the former prosecution;
>
> (3) the prosecutor was aware of the instant charges before the commencement of the trial on the former charges; and
>
> (4) the current offense occurred within the same judicial district as the former prosecution.

*Fithian*, 961 A.2d at 72.

Appellant also argues that the trial court's reliance on *Commonwealth v. Nolan*, 855 A.2d 834 (Pa. 2003), is misplaced in that

- 8 -

***Nolan***'s discussion differentiating criminal enterprises and episodes is not applicable to this case. ***Id.*** at 13.

In ***Nolan***, ***supra***, the Commonwealth charged the defendant with stealing and reselling more than 25 vehicles from individuals and dealerships in Lackawanna and Luzerne Counties over a seven-month period. ***Nolan,*** 855 A.2d at 835-36. Ultimately, pursuant to a plea agreement, Appellant pled guilty in Lackawanna County to nine counts of Receiving Stolen Property and one count of Theft. ***Id.*** at 835. Three months later, at the start of his Luzerne County trial, Nolan moved for the dismissal of all charges pending against him, asserting, *inter alia*, the applicability of Section 110's compulsory joinder rule. ***Id.*** at 837. The trial court granted the motion in part, and dismissed all charges that the trial court concluded overlapped with the Lackawanna County prosecution. ***Id.*** A Luzerne County jury convicted Nolan of six counts of Theft by Unlawful Taking and five counts of Receiving Stolen Property. ***Id.***

Following a direct appeal, Nolan unsuccessfully sought post-conviction ineffective assistance of counsel relief related to his Section 110 claim. ***Id.*** at 838. The post-conviction relief court found that "[Nolan] failed to demonstrate how his elaborate criminal operation, which transpired on different dates, with different victims, different police departments, and which was separately charged in different counties eight months apart, were 'logically and temporally related' such as might constitute a single criminal

episode." *Id.* (citing *Commonwealth v. Hude*, 458 A.2d 177, 183 (Pa. 1983) (holding that, at a minimum, § 110 requires events be "logically and temporally related[,]" which is determined by considering, among other things, the degree to which the events raise duplicative issues of law and fact)). Our Supreme Court agreed with the post-conviction relief court, and concluded that the defendant's multi-faceted illegal operation did not constitute a single criminal episode for purposes of Section 110. *Nolan*, 855 A.2d at 841.

In the instant matter, Appellant does not analyze or distinguish the facts in the instant matter from those in *Nolan*. The trial court concluded that, although Appellant's "actions may constitute one criminal enterprise[, they do not constitute] one criminal episode." We agree with the trial court that the Section 110(1)(ii) did not bar Appellant's subsequent prosecution in Snyder County. We conclude that, as with the actions in *Nolan*, Appellant's acts, which occurred in different locations and over a period of many months in Snyder and Union Counties, lacked the logical and temporal relationship to constitute one criminal episode, which would have necessitated the cases' joinder. Accordingly, this claim fails.

In his last issue, Appellant claims the Commonwealth failed to adduce sufficient evidence to sustain his conviction. Appellant's Brief at 14. Appellant argues that, in the absence of any evidence of his intent to

deceive, the Commonwealth merely proved that he was a "less than stellar businessman[, not] a criminal." *Id.* at 14-15.

We apply the following standard of review when considering a challenge to the sufficiency of the evidence:

> In determining whether the evidence was sufficient to support a defendant's conviction, we must review the evidence admitted during the trial along with any reasonable inferences that may be drawn from that evidence in the light most favorable to the Commonwealth as the verdict winner. If we find, based on that review, that the jury could have found every element of the crime beyond a reasonable doubt, we must sustain the defendant's conviction.

***Commonwealth v. Crawford***, 24 A.3d 396, 404 (Pa. Super. 2011) (citation omitted). "The Commonwealth is not required to depend upon proof by direct evidence, but may also meet its burden by circumstantial evidence alone." *Id.* at 405.

The Crimes Code defines the offense of Deceptive Business Practices, in relevant part, as either "sell[ing], offer[ing] or expos[ing] for sale, or deliver[ing] less than the represented quantity of any commodity or service[,]" or "mak[ing] or induc[ing] others to rely on a false or misleading written statement for the purpose of obtaining property or credit." ***See*** 18 Pa.C.S. §§ 4107(a)(2), (a)(6).[7]

---

[7] Although Appellant asked for, and received, a jury instruction regarding intent, the statutory definition of Deceptive Business Practices does not contain any element of intent.

We have reviewed the record in this case and conclude that the jury as fact-finder had sufficient evidence on which to base Appellant's convictions. In conducting our review, we find the trial court ably addressed and analyzed Appellant's sufficiency argument in its Rule 1925(a) Opinion. ***See*** Trial Ct. Op., 9/13/16, at 5-9. We, therefore, adopt that portion of the Opinion as our own. The parties are directed to attach the September 13, 2016 Opinion to any future filings.

Judgment of Sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/25/2017

**COPY**

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS
: OF THE 17TH JUDICIAL DISTRICT
vs. : OF PENNSYLVANIA
: SNYDER COUNTY BRANCH
ROBERT A. KOLOVICH, :
Defendant : CRIMINAL DIVISION
: NO. CP-55-CR-325-2014
: NO. CP-55-CR-105-2015

**OPINION**

FILED

Knight, S.J. – September 13, 2016

SEP 1 3 2016

1. **Introduction.**

PROTHONOTARY AND CLERK OF COURTS
SNYDER COUNTY

The Defendant was charged in two separate cases - No. 325-2014 (victim Mary Romig) and 105-2015 (victim Brent Saylor/Chad Keister) - with two counts of deceptive business practices, violation 18 Pa. C.S.A. §4107(a)(2) and (6), and one count of theft by deception, violation 18 Pa. C.S.A. §3922(a)(1).

On September 29, 2015 the Commonwealth filed a motion in limine seeking to introduce pursuant to Pa.R.E. 404(b) evidence of crimes, wrongs or other acts on the part of the Defendant. President Judge Michael T. Hudock issued an Order on December 11, 2015 directing the Commonwealth to file an Amended Motion providing greater details on the type of other crimes, wrongs, or acts evidence the Commonwealth intended to introduce. The initial motion and amended motion were then denied by President Judge Michael Hudock on January 26, 2016. The Commonwealth thereafter on March 23, 2016 filed A Second Amended Motion in Limine seeking to introduce the same evidence but providing more details. Judge Hudock granted the Amended Motion granted

on April 7, 2016. The Commonwealth additionally filed a motion to consolidate the two cases for trial, which we granted on November 2, 2015. The Defendant also filed Motion to bar Prosecution Under 18 Pa.C.S.A. §110, which Motion was denied by Judge-Hudock on April 18, 2016. Shortly before trial the Defendant filed a Motion in Limine asking the Court to give a jury instruction in regard to the charges of deceptive business practices, that the Commonwealth must prove that the Defendant acted with an intent to deceive and asking the Court to exclude certain evidence regarding communications from one of Defendant's suppliers as inadmissible hearsay. We granted the Motion on April 26 shortly before the trial was to start.

At trial on April 26, 2016 the Defendant was convicted by the jury in both cases on each of the theft by deception counts and acquitted on the count of theft by deception. Sentencing took place on July 1, 2016, which was followed by the Defendant's Motion for Post-Sentence Relief filed on July 11, 2016, which is now before the Court. Both sides have filed supporting briefs, and we issue this Opinion in support of our decision to deny the Defendant's Motion.

2. Discussion.

The Defendant raises four issues in his Post-Sentence Motion, which we will address in order as follows.*

---

* The Defendant included two additional issues in his Motion – verdict against the weight of the evidence and a violation of his constitutional rights – which he did not brief. We, therefore, consider them waived.

2

COPY

## 2.1. Whether the Court Erred in Consolidating for Trial the Defendant's Two Cases.

The Defendant's Motion is not based on any substantive objection to consolidation but rather on the fact that the Commonwealth did not give Notice to the Defendant of its intent to consolidate at or before arraignment as required by Pa.R.Crim.P. 582(B)(1), or in the alternative did not include the consolidation request in an omnibus pretrial motion which under Pa.R.Crim. P. 579 (A) should have been filed within 30 days of arraignment.

A close reading of the rule shows that the "notice" procedure allows for immediate consolidation but subsection (B)(2) also allows for the filing of a separate Motion for Consolidation where such "notice" is not given. The rule suggests that such a motion would normally be part of an omnibus pretrial motion. Admittedly the Commonwealth's Motion was not filed within 30 days of arraignment. But nothing in the rule precludes a later filing. Moreover, the Defendant has alleged no "prejudice or manifest injustice" from the Court's decision to consolidate. *Commonwealth v. Nahavandian*, 849 A.2d 1221, 1227 (Pa. Super. 2004).

## 2.2. Whether the Court Erred in Allowing the Introduction into Evidence of Other Crimes, Wrongs, or Acts.

The Defendant challenges the decision by Judge Hudock to allow the Commonwealth to succeed in its effort to be allowed to introduce evidence of other crimes, wrongs, or acts by the filing of a Second Amended Motion to allow such evidence when its first Motion was denied.

3

COPY

The Commonwealth contends in its brief that the "coordinate jurisdiction rule" precludes our reviewing Judge Hudock's decision on April 7, 2016. The rule provides that judges of coordinate jurisdictions (i.e. in this case a judge of the same judicial district as the present judge) should not overrule each other's decisions. "This rule...is a rule of sound jurisprudence based on a policy of fostering the finality of pre-trial applications in an effort to maintain judicial economy and efficiency." *Commonwealth v. Starr*, 664 A.2d 1326, 1331 (Pa. 1995).

We agree with the Commonwealth. We cannot disturb Judge Hudock's ruling so we have no authority to review it. For purposes of this decision we rely upon the Order entered by Judge Hudock and incorporate it into this Opinion.

### 2.3. Whether the Court Erred in Denying Defendant's Motion to Bar Prosecution under 18 Pa.C.S.A. §110.

The Defendant contends that because he was acquitted in Union County, on charges of the same or similar criminal conduct as in this case, and because Union and Snyder Counties are part of the same judicial District, the previous Union County prosecution bars prosecution in this case. Judge Hudock's April 18, 2016 decision to deny Defendant's Motion relied upon the Supreme Court's decision in *Commonwealth v. Nolan*, 855 A.2d 834, 839 (Pa. 2003). As Judge Hudock noted, the Defendant may have been involved in one criminal enterprise in both counties but not one criminal episode.

4

COPY

The Commonwealth again contends that we cannot review Judge Hudock's ruling because of the "coordinate jurisdiction rule." As we stated before on the issue of the admission of other crimes, wrongs, or acts, we cannot overturn Judge Hudock's ruling and, therefore, rely upon his decision as part of our opinion.

### 2.4. Whether There Was Sufficient Evidence to Convict the Defendant of Deceptive Business Practices.

Our well-settled standard of review when evaluating a challenge to the sufficiency of the evidence mandates that we assess the evidence and all reasonable inferences drawn therefrom in the light most favorable to the verdict-winner. *Commonwealth v. Salamone,* 897 A.2d 1209, 1213 (Pa.Super. 2006) (citation omitted). We must determine whether there is sufficient evidence to enable the fact finder to have found every element of the crime beyond a reasonable doubt. *Commonwealth v. Clark,* 895 A.2d 633, 634 (Pa.Super. 2006) (citation omitted).

In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. More-over, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of

5

COPY

the evidence.

*Commonwealth v. Kerry*, 906 A.2d 1237, 1240 (Pa.Super. 2006).

As requested by the Defendant we added a jury instruction requiring proof beyond a reasonable doubt of an intent to deceive. The Defendant acknowledges that such intent may be shown by circumstantial evidence. Yet without any specific evaluation of the evidence in terms of its insufficiency, the Defendant argues the evidence was insufficient to show an "intent to deceive." The Defendant's failure to be specific and particular as to the grounds for relief results in a waiver of his argument. Pa. R.Crim.P. 720(B)(1) states that "All requests for relief from the trial court must be stated with specificity and particularity." The Official Comment to the rule expands on the foregoing requirement:

> Under paragraph (B)(1)(a), the grounds for the post-sentence motion should be stated with particularity. Motions alleging insufficient evidence, for example, must specify in what way the evidence was insufficient ...

In *Commonwealth v. Thoeun Tha*, 64 A.3d 704, 713 (Pa. Super. 2013), a case dealing with a post-sentence motion, the Superior Court stated, "Failure to present or develop an argument in support of a claim causes it to be waived." 64 A.2d at 713.

In his brief the Defendant makes the comment, "Where, as here, an accused does not testify, it is well-nigh impossible [to show an intent to deceive]." We don't understand the Defendant's argument unless he is saying

6

COPY

that an intent to deceive can only be derived from some kind of statement of intention on the part of a defendant.

As noted, that is not the law. It is proper to consider surrounding circumstances to determine an intent to deceive. "...and intent to deceive, like any other element of the burden of proof, may be inferred from conduct or from facts and attendant circumstances which are of such a nature as to prove [a defendant's] guilt beyond a reasonable doubt." *Commonwealth v. Shapiro*, 418 A.2d 594, 598 (Pa. Super. 1980).

The evidence in this case showed that the Defendant took money deposits from the victims. Brent Saylor testified that after making the down payment, with a promised delivery of windows within 5 to 6 weeks, the windows never arrived. Saylor had conversations with the Defendant in which the Defendant said he had trouble getting the windows. He never offered Saylor any proof he had placed an order. Eventually, Saylor could not get hold of the Defendant. Saylor never received any money back from the Defendant.

The daughter of the second victim Mary Romig provided the Defendant with a down payment. Delivery was promised in 6 to 8 weeks. At the 7th week of no delivery the daughter contacted the Defendant who said it was only the 7th week and that the windows would be in the following week. After the 8th week with no windows, the daughter contacted the Defendant on a weekly basis for almost two months. At the point of 14 weeks the Defendant was offering such excuses as he had a worker in the hospital, or the product was

7

COPY

hard to get. Eventually, Mrs. Romig asked for her money back. The Defendant promised to return the money the very next week. No money was received. On a particular Friday the daughter talked to the Defendant's secretary who said he was out sick and would be back Monday. On Monday the daughter called and was told the Defendant was still out sick. The daughter threatened to go to the police if the money was not returned. Nothing happened. Eventually, the only response the daughter got from her calls was an answering machine.

The Commonwealth presented testimony from other victims of the Defendant – Ronald Hamm, Rae Ann Karchner, Deborah Maggs, and Donna Kefalas – all of whom told similar stories. They gave the Defendant a deposit on windows or deck work; weeks passed with no delivery of materials; when contacted the Defendant offered various excuses such as illness, bad weather, too busy with other jobs; requests for refunds were ignored; and eventually a the victims were completely unable to reach the Defendant.

The factual scenarios presented by the Commonwealth are reminiscent of the evidence in *Commonwealth v. Eline*, 940 A.2d 421, 433 (Pa. Super. 2007) in which an intent to deceive beyond a reasonable doubt was found from the fact that the defendant took money deposits from the victims, never performed the promised work (construction of swimming pools) within the agreed time or at all, was unresponsive to repeated telephone calls from the victims, and never refunded their money.

We have no hesitation in concluding there was sufficient evidence for the

8

COPY

jury to convict the Defendant of deceptive business practices.

## 3. Conclusion.

For the above stated reasons, we can find no error committed by the trial court. By separate Order the Defendant's Post-Sentence Motion will be denied.

BY THE COURT:

Knight, S.J.

Copies to:     District Attorney
               Brian Ulmer, J.D.
               Jenna Neidig, J.D., Law Clerk
               Judge Knight's file

Ecopies:       Hon. Michael T. Hudock, P.J.
               Hon. Michael H. Sholley, J.